IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TROY HEALTHCARE LLC**, 130 Lions Drive Hazleton, PA 18202,<br><br>    Plaintiff,<br><br>  v.<br><br>**RTPR, LLC** c/o Rubenstein & Pitts, PLLC, 1503 E 19th St. Edmond, OK 73013; **KEVIN THOMAS,** an individual, **D/B/A WIPE OUT PAIN** 4805 Tangier Pl. Suitland, MD 20746;  **CHARLES VENABLE**, an individual, 5207 19th Rd. N. Arlington, VA 22207-1909,<br><br>    Defendants. | Civil No.<br><br>Action for Federal Trademark Infringement, 15 U.S.C. §1114, and Common Law Trademark Infringement and Unfair Competition.<br><br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff Troy Healthcare LLC ("Plaintiff" or "Troy") for its complaint against Defendants RTPR, LLC, Kevin Thomas, and Charles Venable (collectively "Defendants") states and alleges as follows:

**I.  PLAINTIFF TROY HEALTHCARE LLC**

1. Troy is a limited liability company organized under the laws of Pennsylvania and based in Hazleton, Pennsylvania.

2. Troy sells over the counter topical analgesics under the STOPAIN® mark (the "STOPAIN® products").  The STOPAIN® products contain the topical analgesic menthol as their active ingredient, and are sold in spray, roll-on, and gel form.

## II. DEFENDANTS

4. RTPR, LLC (hereinafter "RTPR") is a limited liability company organized under the laws of Oklahoma and registered as a foreign limited liability company in Arkansas. RTPR, LLC sells topical analgesic products (the "RTPR products") in a variety of forms, including roll-on, cream, and lotion directly through its fully-interactive website at https://rtpr.com, as well as through a nationwide network of independent marketing and sales representatives in a multilevel marketing format. Upon information and belief, RTPR maintains actual control and direction over its independent marketing and sales representatives, including through its control of the supply of RTPR products and marketing materials and through a broad array of financial and other reward programs offered to its independent representatives.

5. Kevin "Prince" Thomas (hereinafter, "Mr. Thomas") is an individual residing in Maryland and an independent representative of RTPR who markets and sells the RTPR products, including in the District of Columbia. Mr. Thomas markets RTPR products under the name "Prince" and operates a fully interactive website selling RTPR products at http://mkt.com/wipeoutpain.

6. Charles Venable (hereinafter, "Mr. Venable") is an individual residing in Virginia and an independent representative of RTPR who markets and sells the RTPR products, including in the District of Columbia. Mr. Venable operates a fully interactive website selling RTPR products at http://reliefnow2014.com.

## III. JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and

1338.  This Court has supplemental jurisdiction over Troy's common law claims pursuant to pursuant to 28 U.S.C. § 1367(a).

8. Defendants are subject to personal jurisdiction in the District of Columbia because they have purposefully directed their infringing activities into the District of Columbia. RTPR has knowingly and purposefully sold and directed its infringing marketing materials for the RTPR products, as described below, and its RTPR products into the District of Columbia and to its independent representatives selling and marketing the RTPR products in the District of Columbia, including Mr. Thomas and Mr. Venable.  Defendants have intentionally caused the RTPR products to be resold to residents of the District of Columbia and others.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (c) because RTPR is subject to personal jurisdiction in this district, as alleged above.

## IV.  TROY'S STOPAIN® TRADEMARK RIGHTS

10. Troy is the owner of federal trademark registrations for STOPAIN®, including the following (collectively the "STOPAIN® marks"):

    a. Trademark Registration No. 1,744,224 (the "'224 Registration"), issued by the U.S. Patent and Trademark Office ("USPTO") on January 5, 1993 for the mark STOPAIN in standard characters, which is incontestable pursuant to 15 U.S.C. §§ 1065 and 1115;

b. Trademark Registration No. 4,485,101 (the "'101 Registration") for STOPAIN in standard characters.  The '101 Registration was issued by the USPTO on February 18, 2014; and

c. Trademark Registration No. 4,485,116 (the "'116 Registration") for STOPAIN and a design featuring a stop sign with a banner extending to accommodate the word "STOPAIN" as shown below.  The '116 Registration was issued by the USPTO on February 18, 2014.



11. True and complete copies of the registration certificates for the '224, '101, and '116 Registrations (collectively the "STOPAIN® registrations") issued by the USPTO are attached hereto as **Exhibits 1-3**, respectively.

12. The STOPAIN® registrations are each valid and subsisting, and have not been cancelled.

13. The STOPAIN® registrations each constitute *prima facie* evidence of the validity of the registered mark, and of Troy's ownership of each registration and mark. Furthermore, the '224 Registration is conclusive evidence of the validity of Troy's STOPAIN® mark.

14. For many years, Troy and its predecessors have invested heavily in the STOPAIN® brand.  Troy has advertised STOPAIN® on nationally syndicated television, in national magazines, in industry publications, in the yearbooks for certain Major League Baseball teams, in programs distributed at PGA Champions Tour events, in a targeted super market

coupon program, and through press releases. Troy also hosts sampling events at health fairs and sports events.

15. Troy also promotes and distributes its STOPAIN® products through qualified distributors who appear at tradeshows and who promote STOPAIN® products through their catalogs, online catalogs, and websites serving both the Sports Medicine Market and the Healthcare market. The Sports Medicine Market for Troy's STOPAIN® products includes AAU organized sports, organized sports teams, athletes, and trainers at the high school, collegiate, and professional levels, as well as athletic trainers and affiliated healthcare providers and institutions. The Healthcare Market for Troy's STOPAIN® products includes physical therapists, rehabilitation centers, hospitals, and similar individuals and institutions.

16. Having gained a substantial market share, the well-established reputation of the STOPAIN® brand is reflected in many unpaid mentions in national and regional publications such as product reviews, in random mentions in the press, on twitter, in blog posts and other aspects of social media, and through unsolicited testimonials from STOPAIN® customers.

17. Troy invests millions of dollars annually to market and build brand awareness for it and its products in connection with the STOPAIN® marks.

18. As a result of Troy's continuous and (but for infringement) exclusive use of its distinctive STOPAIN® trademarks, and the commercial success of its goods and services provided under those marks, Troy has achieved significant brand name recognition in the STOPAIN® marks.

19. Through Troy's extensive use, considerable sales and investment in time and marketing, Troy's STOPAIN marks have gained considerable notoriety and goodwill among the

relevant public.  As a result, Troy's STOPAIN® marks are of significant value to Troy as an identifier of source in connection with the promotion and offering of Troy's goods and services.

20. Troy's STOPAIN® marks have come to represent the valuable goodwill and reputation of Troy in the market for high quality topical analgesics.  As a result, the consuming public has come to expect that such goods marketed and sold under the STOPAIN® marks, or confusingly similar marks, are associated with Troy.

21. As a result of Troy's continuous use of the STOPAIN® marks, and Troy's extensive marketing efforts for STOPAIN® products, purchasers of topical analgesic products recognize the STOPAIN® marks as indicators of source associated with the high quality products offered for years by Troy.  The public goodwill associated with the STOPAIN® marks is Troy's most valuable asset.

## V.  DEFENDANTS' INFRINGEMENT OF TROY'S TRADEMARK RIGHTS

22. Upon information and belief, RTPR designed and created marketing materials, including tents, brochures, flags, and banners, all prominently bearing the marks "STOP PAIN" or "STOP PAIN NOW!" (collectively the "STOP PAIN Materials").  RTPR distributed the STOP PAIN Materials to its independent representatives, including Mr. Thomas and Mr. Venable, for use in the marketing and sale of the RTPR products, including in the District of Columbia.

23. Defendants' STOP PAIN Materials include tents, on which the mark "STOP PAIN NOW!" is prominently displayed in lettering as large as other marks, including the REAL TIME PAIN MANAGEMENT mark.

24. Defendants' STOP PAIN Materials include product brochures with the mark "STOP PAIN" in large red capital letters on the cover. No other logo or mark is as large or prominent on the brochure as the "STOP PAIN" phrase.

25. Upon information and belief, the marketing materials also include banners and flags that prominently display the mark "STOP PAIN."

26. RTPR distributed the STOP PAIN Materials to Mr. Thomas and Mr. Venable for use in the marketing and sales of the RTPR products.

27. Mr. Thomas and Mr. Venable have used, and, upon information and belief, continue to use, the STOP PAIN Materials in connection with the marketing and sale of RTPR products.

28. Troy promotes and sells its genuine STOPAIN® products in the same channels, including promotion in connection with professional and amateur sales events and sales through retail stores and over the Internet, that Defendants use to promote and sell the RTPR products.

29. Defendants offer the same class of products, topical analgesics, as Troy offers under its STOPAIN® marks, in direct competition with Troy's genuine STOPAIN® products.

30. Defendants seek and receive a direct material benefit from their use of Troy's STOPAIN® marks.

31. Defendants' use of Troy's STOPAIN® marks is likely to cause consumer confusion. Consumers and potential consumers exercise a relatively low degree of care in selecting topical analgesic products and may assume that Defendants' products are associated with Troy's STOPAIN® products and/or are authorized, sponsored or licensed by, or affiliated with, Troy.

84285277.2 0042171-00005

32. Indeed, Defendants' acts are causing actual confusion in the marketplace. For example, Troy attended a volleyball tournament held in Hampton, Virginia on or about January 30, 2016, where Christine Morris, another independent representative of RTPR who operates a website at http://1-2-3YouArePainFree.com, was marketing and selling RTPR products using the STOP PAIN Materials. Troy was approached by individuals at that tournament who were confused, and who believed that Ms. Morris, the RTPR products and the STOP PAIN Materials were associated with Troy.

33. Troy notified RTPR of its rights in the STOPAIN® marks and of RTPR's ongoing infringement of those marks on or about February 2, 2016. Even after being notified of Troy's rights in the STOPAIN® marks, RTPR continued to supply RTPR products to individuals RTPR knew or had reason to know were using STOP PAIN Materials in violation of Troy's trademark rights.

34. For example, Mr. Venable, Mr. Thomas, and approximately six other independent representatives of RTPR attended the Asics Capitol Hill Volleyball Classic, a national level women's volleyball tournament, at the Washington Convention Center in the District of Columbia between February 13 and 15, 2016, where Mr. Venable, Mr. Thomas, and other independent representatives of RTPR displayed STOP PAIN Materials, including brochures bearing the mark STOP PAIN NOW! and at least two tents bearing the mark STOP PAIN in connection with the marketing and sale of RTPR products at the Asics Capitol Hill Volleyball Classic.

84285277.2 0042171-00005

35. Troy also attended the Asics Capitol Hill Volleyball Classic, and sold its genuine STOPAIN® products in direct competition with the RTPR products that were being promoted with the STOP PAIN Materials.

36. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Troy, to an extent not yet ascertained.

## First Claim for Relief

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

37. Troy realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendants' use of the STOPAIN® marks is a trademark use in commerce of Troy's marks that is likely to cause consumer confusion or mistake, or to deceive.

39. Defendants are thus liable under 15 U.S.C. § 1114(1)(a) for infringement of Troy's registered STOPAIN® marks.

40. In the alternative, if RTPR is found not to be directly liable for infringement of Troy's STOPAIN® marks, it is liable under principles of agency and/or vicarious liability based on the acts of its independent representatives, including Mr. Thomas and Mr. Venable, who act as agents of RTPR and are subject to the control of RTPR in their promotion and sale of RTPR products.

41. In the alternative, if RTPR is found not be directly liable for infringement of Troy's STOPAIN® marks, RTPR is liable for contributory infringement because it continued to supply RTPR products to individuals that it knew or should have known were using STOP PAIN Materials to infringe Troy's STOPAIN® marks.

84285277.2 0042171-00005

42. Pursuant to 15 U.S.C. § 1117(a), Troy is entitled to recover Defendants' profits and the costs of the action.

43. Because Defendants' actions in using Troy's registered STOPAIN® marks were intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(a)(3) in an amount up to three times the actual damages.

44. This case is exceptional under 15 U.S.C. § 1117(a)(3), and Troy should be awarded its reasonable attorneys fees.

45. In addition, because Troy's remedies under 15 U.S.C. § 1117(a), while necessary, are not sufficient to fully protect Troy's continuing interest in preserving its marks against future infringement by Defendants, Troy is entitled to an injunction against Defendants' use in the future of Troy's STOPAIN® marks, or any colorable imitation or confusingly similar variation of Troy's STOPAIN® marks, including any use of the marks STOP PAIN or STOP PAIN NOW!, in any advertisement for the sale of any product other than genuine Troy products.

**Second Claim for Relief**

**(Common Law Trademark Infringement / Unfair Competition)**

46. Troy realleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendants' actions constitute unfair competition under applicable common law, in that Defendants' STOP PAIN marks, logos, and signage are deceptively similar to Troy's STOPAIN® marks, logos, and packaging; and Defendants' use of such marks, logos, and signage is creating or increasing confusion between goods provided by Troy and Defendants, to the detriment of Troy and the public.

48. Defendants' use of STOP PAIN is likely to mislead consumers as to the separate origin of the STOP PAIN marks from the STOPAIN® marks for related goods and services and to damage Troy's goodwill and business reputation.

49. Defendants' conduct as herein alleged has caused, and unless restrained and enjoined will continue to cause, irreparable harm to Troy that cannot be adequately compensated or measured by money alone. Troy has no adequate remedy at law. Troy is entitled to permanent injunctive relief preventing Defendants from continuing to infringe and trade on the STOPAIN® marks.

50. In addition, as a direct and proximate result of Defendants' conduct, Troy has suffered and will continue to suffer damages in an amount that is presently unknown but that will be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Troy Healthcare, LLC prays for judgment as follows:

A. Awarding Troy up to three times Defendants' profits and up to three times the amount found as actual damages for Defendants' infringement of Troy's registered STOPAIN® marks and unfair competition, as stated herein, or statutory damages.

B. Entering an injunction against Defendants' use in the future of the mark STOP PAIN, Troy's registered STOPAIN® marks, or any colorable imitation or confusingly similar variation of Troy's STOPAIN® marks, in any advertisement for the sale of any product other than genuine STOPAIN® products.

C. Finding this case to be exceptional and awarding Troy its costs of the action and its reasonable attorney fees; and

84285277.2 0042171-00005

     D.     Awarding Troy such other and further relief as the Court deems equitable, just, and appropriate.

## JURY DEMAND

Troy hereby demands a trial by jury on all issues raised by the Complaint so triable.

DATED: March 10, 2016.

                            STOEL RIVES LLP

                            */s/ Per Ramfjord*
                            Per Ramfjord, D.C. Bar No. 392237
                            900 Southwest Fifth Avenue
                            Portland, OR 97204-1268
                            Phone: (503) 224-3380
                            per.ramfjord@stoel.com

                            Attorneys for Plaintiff

84285277.2 0042171-00005